IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Chapter: 13 |
| Sonya L Mims | Case No.: 19-11097 |
| Debtor | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY PLANET HOME LENDING, LLC AND REQUEST FOR TELEPHONIC HEARING

Comes now PLANET HOME LENDING, LLC, its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Tiffany & Bosco, P.A., and moves this Honorable Court to set this matter for telephonic hearing and lift the automatic stay in the above-referenced Debtor's Chapter 13 bankruptcy case and in support thereof, Creditor avers as follows:

1. The Debtor filed her bankruptcy petition with this Court on 07/03/2019.

2. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

3. The Creditor holds a mortgage lien on the property commonly referenced as 212 Hannah Rd, Daleville, AL 36322 (the "Property"), as more fully described in the mortgage and note (collectively, the "Mortgage Loan").

4. The Creditor has not received post-petition regular monthly routine maintenance Mortgage Loan payments. The Mortgage Loan held by the Creditor is in post-petition default under the terms and conditions stated upon the face of the Mortgage Loan documents. The Debtor is in post-petition default for the Mortgage Loan payments due for the months of April, 2020 through the current date, plus late fees, attorneys fees and costs.

5. The Debtors' failure to make regular monthly routine maintenance Mortgage Loan payments to the Creditor as same became due post-petition results in a unilateral modification of the Mortgage Loan between the parties in violation of 11 U.S.C. § 1322(b)(2).

6. The Debtor has not made a good faith effort to provide for and make the regular monthly routine maintenance Mortgage Loan payments as same became due in a manner to ensure that the Creditor receives the regular monthly routine maintenance Mortgage Loan payments consistent with the terms of the Mortgage Loan documents.

7. The Debtor has willfully violated the terms and provisions of her confirmed Chapter 13 plan.

8. The Debtors' actions have caused unreasonable delay that is prejudicial to the Creditor. Further, the Creditor is not adequately protected.

9. The Creditor desires to protect its interests and proceed with taking possession of the Property.

### WAIVER OF FED. R. BANKR. P. 4001(a)(3)

10. This is a Chapter 13 bankruptcy case. The Debtor either knows, should know, or has been informed by Debtors' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor requests that this Court waive the fourteen day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

### FUTURE DEFAULT

11. If this Honorable Court denies the Creditor's Motion for Relief from Automatic Stay, the Creditor requests that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor if the Debtor default on any future payments owed to Creditor.

### ATTORNEY FEES

12. Because of the Debtor's continuing payment default, the Creditor has had to incur additional expense in order to file and prosecute this Motion in the form of $750.00 in attorney fees and $181.00 in court costs and requests this Court to award the Creditor reasonable attorney fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will lift, modify, or terminate the automatic stay now in force and effect so that the

Creditor may obtain possession of its collateral and may enforce any and all of its applicable non-bankruptcy rights and remedies in and to the subject collateral. Creditor further requests that this Court grant an award of reasonable attorney fees and costs associated with the filing of this Motion. Creditor further requests that this Court waive the effect of Fed. R. Bankr. P. 4001(a)(3). In the alternative, Creditor requests that this Court order an appropriate cure of the post-petition arrearage now owed and grant Creditor future relief, modification, termination, or lifting of the automatic stay, if the Debtor defaults on any future payments owed to this Creditor. Creditor further requests relief from applicable provisions of FRBP 3002.1, once relief from the stay is granted by Court Order. Creditor respectfully prays for such other and further relief as may be just and proper.

                Respectfully submitted,

                /s/ Stephen Bulgarella
                Stephen Bulgarella (BUL-021)
                Enslen Crowe (CRO-098)
                Diane Murray (MUR-048)
                Donald M. Wright (WRI-021)
                Attorney for Creditor

Stephen Bulgarella
Attorney for Creditor
Tiffany & Bosco, P.A.
2311 Highland Avenue South
Suite 330
Birmingham, Alabama 35205
Telephone: 205-918-5083 / Fax:
sfb@tblaw.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing pleading was mailed, first class postage prepaid to the following:

Sonya L Mims
212 Hannah Road
Daleville, AL 36322

and served via electronic case management to:

Samantha Valenzuela
154 E Broad Street
Ozark, AL 36360
Bankruptcy@v-lawfirm.com

Sabrina L. McKinney
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

On this the 27th day of _____Aug._____, 2020.

/s/ Stephen Bulgarella
Attorney for Creditor